UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SHOCK TRAUMA          No. 2:09-cv-00759-MCE-JFM
AIR RESCUE,

       Plaintiff,

   v.                               <u>MEMORANDUM AND ORDER</u>

AIG DOMESTIC CLAIMS, INC., et
al.,

       Defendants.

----oo0oo----

Plaintiff, California Shock Trauma Air Rescue ("Plaintiff" or "CALSTAR"), initiated this action against numerous Defendants seeking to recover compensation for services rendered.  Presently before the Court are one Motion to Dismiss (Docket No. 32) and one Motion to Consolidate (Docket No. 17).  Pending for hearing at a later date is a separate Motion to Dismiss (Docket No. 55).

///

///

///

///

1

1  For the following reasons, the Motion to Dismiss for lack of
2  subject matter jurisdiction is granted, and all remaining Motions
3  are denied as moot.[1]

4

5                          **BACKGROUND**[2]

6

7  Plaintiff is an air ambulance provider rendering services
8  within and between California and Nevada.  Plaintiff is certified
9  by the Federal Aviation Administration to operate as an air
10 carrier and to conduct common carriage operations.  Defendants
11 are: 1) insurance companies providing workers' compensation
12 insurance within the State of California; and 2) employers who
13 are self-insured for workers' compensation insurance having
14 obtained a certificate of consent to self-insure against such
15 claims.
16 Plaintiff has and continues to provide, on request, air
17 ambulance services to employees of the Employer Defendants and to
18 employees of the employers insured by the Insurer Defendants.
19 After providing relevant services, Plaintiff sends an invoice to
20 the appropriate Insurer Defendant or Employer Defendant.
21 ///
22 ///
23 ///
24 ///

25

26 [1] Because oral argument will not be of material assistance,
   the Court ordered this matter submitted on the briefing.  E.D.
27 Cal. Local Rule 78-230(h).

28 [2] The following facts are taken, for the most part verbatim,
   from Plaintiff's Second Amended Complaint ("SAC").

1    In this case, Plaintiff alleges that the Defendants have
2  paid only a portion of those invoiced amounts.  According to
3  Plaintiff, Defendants have refused to pay the outstanding
4  balances, claiming that Plaintiff is limited to recovering only
5  those amounts set forth in California's Official Medical Fee
6  Schedule for ambulance services ("OMFS"), California Code of
7  Regulations, title 8, section 9789.80.

8    Thus, Plaintiff filed the instant action seeking to recover
9  those outstanding balances.  According to Plaintiff, Defendants
10 cannot rely on the OMFS fee limitations because that state law is
11 preempted by the Federal Aviation Act of 1958, as amended by the
12 Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) ("FAA/ADA").
13 As such, Plaintiff has brought causes of action for:
14 1) Declaratory Relief as to whether that state law is preempted;
15 2) Quantum Meruit; 3) Unjust Enrichment; and 4) Open Book
16 Account.

17   Plaintiff asserts jurisdiction is proper under 28 U.S.C.
18 § 1331 because this action allegedly arises under the FAA/ADA.
19 Defendants do not agree and have moved to dismiss for lack of
20 subject matter jurisdiction.  Also pending before this Court are
21 the above-mentioned Motion to Consolidate and separate Motion to
22 Dismiss, each of which is also disposed of pursuant to this
23 Memorandum and Order.
24 ///
25 ///
26 ///
27 ///
28 ///

1

**STANDARD**

2

3       In moving to dismiss for lack of subject matter jurisdiction

4   pursuant to Rule 12 (b)(1), the challenging party may either make

5   a "facial attack" on the allegations of jurisdiction contained in

6   the complaint or can instead take issue with subject matter

7   jurisdiction on a factual basis ("factual attack").  Thornhill

8   Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733

9   (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n,

10  549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a

11  facial attack, the Court must consider the factual allegations of

12  the complaint to be true.  Williamson v. Tucker, 645 F.2d 404,

13  412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion

14  constitutes a factual attack, however, "no presumptive

15  truthfulness attaches to plaintiff's allegations, and the

16  existence of disputed material facts will not preclude the trial

17  court from evaluating for itself the merits of jurisdictional

18  claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d

19  at 891).

20

21

**ANALYSIS**

22  **1.   Plaintiff's Federal Declaratory Relief Claim**

23

24       Plaintiff contends that, pursuant to 28 U.S.C. § 1331, this

25  Court has original jurisdiction over its first cause of action

26  for declaratory relief, and consequently, has supplemental

27  jurisdiction over the state law claims.

28  ///

4

This Court disagrees, finds jurisdiction over Plaintiff's Declaratory Relief Claim lacking, and, in turn, finds 28 U.S.C. § 1367 inapplicable.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Even though state law creates [Plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." <u>Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 13 (1983). Plaintiff asserts that such is the case here.

However, while the facts of this case make for awkward jurisdictional analysis, this Court disagrees. In a typical case of this nature, in which one party is asserting preemption as a basis of federal jurisdiction, a plaintiff claims that a defendant violated state law and the defendant responds by raising a preemption defense. In those cases, the plaintiff typically requests a declaration more specific to the facts relevant to its underlying claims. For example:

> Plaintiff's Complaint asserted that "[t]here was at the time of the levies alleged above and continues to be an actual controversy between the parties concerning their respective legal rights and duties. The Board [appellant] contends that defendants [CVLT] are obligated and required by law to pay over to the Board all amounts held ... in favor of the Board's delinquent taxpayers. On the other hand, defendants contend that section 514 of ERISA preempts state law and that the trustees lack the power to honor the levies made upon them by the State of California." <u>Franchise Tax Board</u>, 463 U.S. at 6, quoting App. 8-9.

1  Plaintiffs "invoked the Federal Declaratory Judgment
2  Act for a declaration that the contracts were still 'in
   effect and binding upon the parties thereto.'"  <u>Skelly</u>
3  <u>Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671
   (1950).

4  It is well-established that the federal courts lack jurisdiction

5  over such claims.

6  Indeed, "a federal court does not have original jurisdiction

7  over a case in which the complaint presents a state-law cause of

8  action, but also asserts that federal law deprives the defendant

9  of a defense he may raise, or that a federal defense the

10  defendant may raise is not sufficient to defeat the claim."

11  <u>Franchise Tax Bd.</u>, 463 U.S. at 10 (1983), citing <u>Taylor v.</u>

12  <u>Anderson</u>, 234 U.S. 74, 75-76 (1914); <u>Louisville & Nashville R.</u>

13  <u>Co. v. Mottley</u>, 211 U.S. 149 (1980); <u>Tennessee v. Union &</u>

14  <u>Planters' Bank</u>, 152 U.S. 454 (1894).  "'[A] right or immunity

15  created by the Constitution or laws of the United States must be

16  an element, and an essential one, of the plaintiff's cause of

17  action.'"  <u>Id</u>., quoting <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109,

18  112 (1936).  Moreover, "'if, but for the availability of the

19  declaratory judgment procedure, the federal claim would arise

20  only as a defense to a state created action, jurisdiction is

21  lacking.'"  <u>Id</u>. at 16, quoting 10A C. Wright, A. Miller & M.

22  Kane, Federal Practice and Procedure § 2767, at 744-745 (2d ed.

23  1983).

24  Thus, had Plaintiff gone the traditional route, seeking, for

25  example, a declaration that Defendants are required by law to pay

26  in full the amounts invoiced, then the instant jurisdictional

27  question would not appear to be so complicated.

28  ///

Rather, had Plaintiff requested a declaration more specific to the instant facts, Defendants would be expected to defend on the grounds that the payments already made comport with the California OMFS, at which time <u>Plaintiff</u> anticipates it would argue that the OMFS is preempted.

At best, such a claim would seek resolution of a federal question anticipated to be raised as a rebuttal to an expected defense. Since it is well-established that the anticipation of a defense is insufficient to establish federal question jurisdiction, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue," <u>Franchise Tax Bd.</u>, 463 U.S. 14, Plaintiff's jurisdictional argument, which is even more attenuated, must likewise fail. <u>Id</u>. at 10 (the assertion that "federal law deprives the defendant of a defense he may raise" is insufficient to invoke federal jurisdiction).

Therefore, in light of the above analysis, and in an attempt to couch its preemption claim in an offensive posture, Plaintiff seeks instead a declaration that "California Labor Code Section 5307.1 and the Official Medical Fee Schedule for ambulance services, California Code of Regulations, title 8, section 9789.70, are preempted by the provisions of the Federal Aviation Act of 1958, as amended by the Airline Deregulation Act, 49 U.S.C. section 41713(b)(1)." SAC, 11:17-21. Accordingly, by way of analogy, Plaintiff contends this Court has jurisdiction under the slightly different rules of <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85 (1983), and its progeny.

///

1      In <u>Shaw</u>, the plaintiffs initiated three actions against

2  state agencies and officials, seeking declarations that various

3  state laws were preempted by ERISA.  <u>Id</u>. at 92.  The Supreme

4  Court determined its jurisdiction over those claims was proper,

5  stating, in part, "It is beyond dispute that federal courts have

6  jurisdiction over suits to enjoin state officials from

7  interfering with federal rights.  A plaintiff who seeks

8  injunctive relief from state regulation, on the ground that such

9  regulation is pre-empted by a federal statute which, by virtue of

10 the Supremacy Clause of the Constitution, must prevail, thus

11 presents a federal question which the federal courts have

12 jurisdiction under 28 U.S.C. § 1331 to resolve.  This Court, of

13 course, frequently has resolved pre-emption disputes in a similar

14 jurisdictional posture."  <u>Id</u>. at 96 n.14.

15     In that same note, the <u>Shaw</u> Court distinguished its

16 <u>Franchise Tax Board</u> decision, which was rendered that same day,

17 by pointing out that the <u>Shaw</u> plaintiffs sought a declaration

18 that state law <u>was</u> preempted, while the Franchise Tax Board

19 plaintiffs sought a declaration that state law <u>was not</u> preempted.

20 <u>Id</u>.  Relying on the <u>Shaw</u> footnote, Plaintiff makes the analytical

21 leap to the conclusion that, since Plaintiff in this case seeks a

22 declaration that state law <u>is</u> preempted, this Court has

23 jurisdiction.  The flaws in this argument are two-fold and inter-

24 related.  First, Plaintiff's requested relief is improper when

25 directed at the instant Defendants.  Second, because Plaintiff

26 has asserted the instant declaratory relief claim against

27 improper Defendants, its instant claim does not present a

28 justiciable case or controversy.

1    Plaintiff is quite correct that the <u>Shaw</u> Court exercised

2  jurisdiction over an action seeking a declaration that state law

3  was preempted.  However, jurisdiction in <u>Shaw</u> and its progeny was

4  premised on the Court's power to enjoin state officials from

5  interfering with federal rights.  When a suit is initiated

6  against a state official to challenge a state law as preempted by

7  federal law, jurisdiction is proper under <u>Shaw</u> because the

8  preemption question is one that directly concerns the state's

9  power to legislate in a manner inconsistent with some federal

10 mandate.  Indeed, "the Supremacy Clause itself provides subject

11 matter jurisdiction for the federal court."  <u>Harding v. Summit</u>

12 <u>Med. Ctr.</u>, 41 Fed. Appx. 83, 85 (9th Cir. 2002) (unpublished

13 disposition), citing <u>Hydrostorage, Inc., v. N. Cal. Boilermakers</u>

14 <u>Local Joint Apprenticeship Comm.</u>, 891 F.2d 719, 724-25 (9th Cir.

15 1989), abrogated on other grounds in <u>Engine Mfrs. Ass'n v. South</u>

16 <u>Coast Air Quality Mgmt. Dist.</u>, 498 F.3d 1031 (9th Cir. 2007).

17    However, in this case, Plaintiffs have sued only insurers

18 and self-insured employers.  Thus, rather than properly

19 challenging the State's power to enforce the OMFS, Plaintiffs ask

20 this Court, in an action against third-parties, to declare that

21 state law is preempted by federal law.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Nevertheless, since none of the present Defendants have "the ability to enact or enforce state laws," they cannot interfere with Plaintiff's rights under the Supremacy Clause.[3]  <u>Id</u>.  The instant Defendants are simply the wrong parties against whom to assert such a claim.

Viewed from another perspective, Plaintiff's declaratory relief claim simply does not present the justiciable case or controversy that is a prerequisite to an assertion of this Court's jurisdiction.  To the contrary, if the Court were to grant Plaintiff its requested declaratory relief, it would be required to issue an impermissible advisory opinion.  While "[i]t is clear that a conflict between a state statute and federal regulations presents a justiciable controversy," <u>National Labor Relations Bd. v. North Dakota</u>, 504 F. Supp. 2d 750, 754 (D. N.D. 2007), citing <u>Conference of Fed. Sav. and Loan Ass'ns v. Stein</u>, 604 F.2d 1256, 1259 (9th Cir. 1979), under the above analysis, that controversy is capable of federal adjudication, in other words is ripe, only when the State is a party to the action.  <u>See Harding</u>, 41 Fed. Appx. 83 at 85.  Such is not the case here.

Instead, the instant preemption question takes root in the parties' current dispute only through analysis of Plaintiff's state law claims and then, as discussed above, only by way of a rebuttal to a defense.

///

_____

[3] Though some of the Defendants are local entities or agencies, they were not sued in their enforcement or legislative capacities, but, instead, as self-insured employers.  Thus, the question of whether, under a different set of facts, a suit against those entities would be proper is not currently before the Court.

1  Accordingly, any controversy that may exist under Plaintiff's
2  first cause of action, which serves only to assert a response to
3  an anticipated defense, is even more attenuated than it might be
4  directly under an analysis of the state law claims.

5       Accordingly, when distilled to its essence, resolution of
6  Plaintiff's declaratory relief claim, at least between the
7  current parties, would require the Court to issue nothing more
8  than an advisory opinion as to preemption of the OMFS.  It is
9  well-established that this Court lacks the power to do so.  See
10 MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-127 (2007)
11 (reiterating the requirement that "the dispute be 'definite and
12 concrete, touching the legal relations of parties having adverse
13 legal interests'; and that it be 'real and substantial' and
14 'admi[t] of specific relief through a decree of a conclusive
15 character, as distinguished from an opinion advising what the law
16 would be upon a hypothetical state of facts.'"), quoting Aetna
17 Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-
18 241 (1937).  As such, this Court lacks subject matter
19 jurisdiction over Plaintiff's first cause of action.

20      The Court is not persuaded otherwise by Plaintiff's
21 observation that this preemption issue, under these facts, would
22 never arise directly as a defense because the State of California
23 will likely never institute proceedings to enforce the OMFS
24 against Plaintiff, and Defendants will likely never be motivated
25 to pursue coercive claims against Plaintiff, either of which
26 scenarios could change the jurisdictional analysis.  Even
27 assuming, arguendo, that Plaintiff is correct, the boundaries of
28 this Court's jurisdiction remain unchanged.

11

1   While Plaintiff appears to presume that if its argument cannot be

2   raised as a defense, it must be part and parcel of its

3   affirmative claim for relief, for jurisdictional purposes, the

4   very unlikelihood that Plaintiff's argument could even be raised

5   as a defense, let alone an affirmative claim, renders the

6   possibility of jurisdiction in this Court even more remote.

7   Accordingly, this Court is not empowered to entertain Plaintiff's

8   first claim for relief.

9

10      **2.   Plaintiff's State Law Claims**

11

12      Finally, Plaintiff contends that its state law claims,

13  themselves, arise under federal law.  However, as previously

14  stated, in the context of Plaintiff's state law claims, the

15  preemption argument will arise, if at all, only as a rebuttal to

16  an anticipated defense.  Accordingly, this Court also lacks

17  jurisdiction independently over Plaintiff's state law claims.

18  See Franchise Tax Bd., 463 U.S. at 13-14.

19

20                          **CONCLUSION**

21

22      In sum, Defendants' Motion to Dismiss for Lack of Subject

23  Matter Jurisdiction (Docket No. 32) is GRANTED.  The remaining

24  Motion to Dismiss (Docket No. 55) and Motion to Consolidate

25  (Docket No. 17) are DENIED as moot.

26  ///

27  ///

28  ///

                              12

All future hearing dates are ordered vacated and the Clerk of the
Court is directed to close the file.

    IT IS SO ORDERED.

Dated: July 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE